# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-289V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| SARAH DEARING, | * | Special Master Corcoran |
| Petitioner, | * | Filed: November 2, 2016 |
| v. | * | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Danielle A. Strait*, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.

*Julia W. McInerny*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On April 11, 2014, Sarah Dearing filed a petition seeking compensation under the National Vaccine Injury Compensation Program, alleging, among other things, that the influenza ("flu") vaccine she received on October 3, 2012, caused her subsequent development of paresthesias, small fiber neuropathy, neuropathy, and related complications.[2] ECF No. 1.

Thereafter, the parties entered into informal settlement negotiations and requested I issue

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

a "15 Week" Order, and I did so. ECF No. 34. The parties then filed their stipulation for an award of $135,000.00 in damages on March 4, 2016 (ECF No. 37), which I adopted as my decision granting damages on March 11, 2016. ECF No. 38.

Petitioner has now filed a motion for a final award of attorney's fees and costs, dated September 14, 2016. *See* ECF No. 45. Petitioner requests reimbursement of attorney's fees and costs in the amount of $35,648.76 (representing attorney's fees in the amount of $31,514.10, plus costs in the amount of $4,134.66). *Id*. In addition, and in compliance with General Order No. 9, Petitioner represents that she incurred $200.00 of litigation-related expenses in conjunction with this proceeding. *Id.*

After requesting an extension of time, Respondent filed a brief reacting to Petitioner's fees request on October 14, 2016. ECF No. 47. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id.* at 1. Respondent added that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. However, she maintained that a reasonable amount for fees and costs in the present case would fall between $25,000.00 and $30,000.00, providing citations to cases involving influenza and Guillian-Barré Syndrome ("GBS") claims with a similar procedural history. *Id.* at 3.

On October 19, 2016, Petitioner filed a reply. ECF No. 48. Petitioner argued that the cases cited in support of Respondent's range are not helpful here, as they involved GBS caused by the flu vaccine – a particularly common allegation in the Program that does not involve the same amount of work as a small fiber neuropathy case. *Id.* at 4. Petitioner performed her own research in finding cases demonstrating a range of awarded attorney's fees from $10,690.00 to $60,685.92 for cases involving small fiber neuropathy injuries. *Id.* Petitioner also argues that compensation should be awarded on a case-by-case basis, and Respondent's generalized ranges do not provide the best evidence of the appropriate amount to award. *Id.*

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). An attorney's reasonable hourly rate is determined by the "forum rule," which bases the award on rates paid to similarly qualified attorneys in the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). The hourly rate ranges for attorneys of different levels of experience who are entitled to the forum rate in Vaccine Program cases are set forth in *McCulloch v. Sec'y of*

*Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[3]

This matter was handled by one attorney – Danielle Strait, of the Maglio Christopher & Toale law firm (the "Maglio Firm"). Petitioner requests $295 per hour for Ms. Strait's work on the case from 2012-2015, with an increase to $306 per hour for work beginning in 2016. ECF No. 45-1 at 6. Petitioner also requests rates of $105 to $145 per hour for work done by paralegals. *Id.* at 8. Attorneys located at the Maglio Firm's Washington, DC, office have been awarded forum rates for their work in the Vaccine Program. *See Solomon v. Sec'y of Health & Human Servs.*, No. 14-748V, slip op. (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (awarding forum rates to Ms. Amber Wilson); *Scharfenberger v. Sec'y of Health & Human Servs.*, No. 11-221V, 2015 WL 3526559, at \*6, \*10 (Fed. Cl. Spec. Mstr. May 15, 2015) (awarding Mr. Isaiah Kalinowski of the Maglio Firm's Washington, DC, office the forum hourly rate of $305 per hour for 2014 work), *aff'd* 124 Fed. Cl. 224 (2015). Therefore, it is appropriate to apply the *McCulloch* forum rate ranges to the work performed by Ms. Strait and the paralegals.

Ms. Strait has six years' experience, according to Petitioner's fees request. ECF No. 45-4 at 1. The forum rate range for an attorney with four to seven years' experience is $225 to $300 per hour. *McCulloch*, 2015 WL 5634323, at \*19. Ms. Strait's requested rate of $295 per hour for work performed from 2012-2015 is within the applicable range, and will therefore be awarded. However, Ms. Strait's 2016 rate is above the rate range for someone of similar experience. Therefore, I find it appropriate to lower her hourly rate from $306 per hour to $300 per hour for 2016 work. The requested paralegal rates ($105 to $145 per hour) are otherwise consistent with *McCulloch* rates, and will not be adjusted. *Id.* at \*21.

The majority of the hours expended on this matter (138.5 hours in total) were also reasonable. The time it took to resolve the case was mainly the product of the parties' drawn-out damages discussions over a year. But fees and costs associated with settlement are properly reimbursable. *Thomas v. Sec'y of Health & Human Servs.*, No. 92-46V, 1997 WL 74664, at \*7 (Fed. Cl. Spec. Mstr. Feb. 3, 1997) (rejecting Respondent's assertion that the fees and costs should necessarily be lower when a case settles without hearing).

As a result, Respondent's suggested range is not persuasive under these circumstances. This matter required more than a year to reach a settlement agreement, due to Petitioner's request for lost wages and future medical expenses, which necessitated back-and-forth between the parties to determine the appropriate amount of damages. The two cited cases required less time than the

---

[3] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claims website. The forum hourly rate fee schedule can be accessed at: http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

present matter to reach settlement, and both involved a different injury than the one alleged here. *See, e.g.*, *Czagas v. Sec'y of Health & Human Servs.*, No. 14-483V, 2016 WL 3030150 (Fed. Cl. Spec. Mstr. Apr. 7, 2016) (seven months between petitioner's first settlement demand and filing of the stipulation in a case alleging that the flu vaccine caused GBS and peripheral neuropathy); *Malik v. Sec'y of Health & Human Servs.*, No. 13-595V, slip op. (Fed. Cl. Spec. Mstr. Mar. 24, 2016) (nine months from submission of petitioner's demand to filing of the stipulation agreement in a flu/GBS case).

I will, however, make one adjustment to the hours requested. On August 13, 2014, the billing invoices reflect 7.7 hours of travel to visit Petitioner, on top of 4.1 hours preparing and actually meeting with Petitioner. ECF No. 45-2 at 7. It is common practice in the Program to compensate hours spent traveling at one-half of the normal hourly attorney rate, although the fact that an attorney is traveling is not dispositive of how to treat such attorney time. *See, e.g.*, *King v. Sec'y of Health & Human Servs.*, No. 03-584V, 2009 WL 2524564, at *4 (Fed. Cl. Spec. Mstr. July 27, 2009); *Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447, at *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009). In some situations, an award of full attorney's fees for travel is appropriate if sufficient documentation exists specifying the work performed while traveling. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

Here, the billing invoices list <u>three</u> entries related to the same meeting with Petitioner. The entry related to travel is specific, in that it lists the time spent driving to and from the meeting, picking up a rental car, and the take-off and landing of two flights. ECF No. 45-2 at 7. But this entry also reveals that work was not being performed during this time period. *Id.* Thus, the time entry reflects work that does not merit full compensation under Program standards, and the normal practice of awarding half-time for travel will apply. I will therefore only award 3.85 of the 7.7 hours billed to this activity.

As noted above, Petitioner additionally requests an award of litigation costs for counsel of $4,134.66, reflecting payments for medical records, filing fees, and travel-related costs. ECF No. 45. Respondent has offered no specific objections to these costs, and upon review of the record I find that they are reasonable.

Accordingly, based on the reasonableness of Petitioner's request, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$34,443.41** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Ms. Danielle Strait, Esq., representing $30,308.75 in attorney's fees and $4,134.66 in costs. I award separate costs payable to Sarah Dearing in the amount of **$200.00**.

The clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.